Mount Hope Cemetery Association, Plaintiff, *v.* Department of State of the State of New York et al., Defendants.

Supreme Court, Special Term, New York County, November 3, 1943.

*Schuyler M. Meyer* and *C. Clark Stover, Jr.*, for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (John P. Powers* of counsel), for defendants.

WALTER, J. This action is brought to obtain an adjudication that plaintiff, a cemetery corporation, is not a " subdivider " within the meaning of article 9-A of the Real Property Law and that said article is not applicable to and need not be complied with by it.

Article 9-A was inserted in the law by chapter 868 of the Laws of 1936, effective June 5, 1936. It is entitled " Subdivided Lands ". It defines " subdivided lands " as meaning vacant land or lands sold or leased on the installment plan or offered for sale or lease on such plan (§ 337, subd. 1). It defines " subdivider " as including every person, partnership, corporation, company or association who or which engages directly or through an agent in the business of selling, leasing or offering for sale or lease subdivided lands to the public in this State (§ 337, subd. 2, as amd. by L. 1940, ch. 473). It provides that no subdivider shall sell, lease, or offer for sale or lease to the public within this State, as principal, broker or agent or otherwise, subdivided vacant land or any part thereof, unless and until such subdivider shall have caused to be filed in the Department of State a duly verified statement containing much infor-

mation which is specifically enumerated in the statute and " such other and further data and information as the department of state may, in its discretion, demand to be executed upon forms prescribed by it " (§ 337-a). Each statement must be accompanied by a filing fee of fifty dollars (§ 339). Every willful violation or failure to comply with any of the provisions of the article is a misdemeanor (§ 338, subd. 5). Broad inquisitorial and regulatory powers are given to the Department of State with respect to all subdividers (§§ 338, 339-b, 339-c), and failure to obey its orders, decisions, demands, or requirements is also a misdemeanor (§ 338, subd. 5).

Plaintiff sells on the installment plan, but it denies that what it sells is land, vacant or otherwise. It is, as stated, a cemetery corporation, and as such it and those who become its lot owners are subject to the Membership Corporations Law, which defines a " lot owner " or " owner of a lot " as meaning any person having lawful title to *the use* of a lot, plot or part thereof, in a cemetery (Membership Corporations Law, § 70) and imposes various limitations upon their rights (§§ 84–86).

The title or right which a " lot owner " obtains by his purchase from a cemetery corporation unquestionably is *property*. It also comes within three statutory definitions of *real property,* viz.: (1) the definition contained in section 2 of the Real Property Law, which states that the terms " real property " and " lands " as used in the first eight articles of the Real Property Law are coextensive in meaning with lands, tenements and hereditaments; (2) the definition contained in section 290 of the Real Property Law, which states that the term " real property " as used in article 9 of the Real Property Law includes lands, tenements and hereditaments and chattels real, except a lease for a term not exceeding three years; and (3) the definition contained in section 40 of General Construction Law, which states that the term " real property " includes real estate, lands, tenements and hereditaments, corporeal and incorporeal. (*Daniell* v. *Hopkins,* 257 N. Y. 112, 117; *Matter of Empire Monument Co.* v. *Lewis,* 252 App. Div. 301, affd. 277 N. Y. 648.)

But although the title or right which a " lot owner " obtains by his purchase from a cemetery association thus falls within statutory definitions of *real property* because properly classed as an hereditament, it certainly is plain that such title or right is not *land.* It is an incorporeal hereditament, and as such is essentially something other than land (*The Mayor, &c., of New-*

*York* v. *Mabie*, 13 N. Y. 151, 159; *Nellis* v. *Munson et al.*, 108 N. Y. 453, 458).

Article 9-A of the Real Property Law does not use the term " real property ". It uses the more limited term " lands ", and it is not permissible to expand the terms used by the Legislature merely because some persons may think that it would have been wiser for the Legislature to have used terms broad enough to include such sales as are made by cemetery corporations.

I conclude that plaintiff is not a " subdivider " within the meaning of article 9-A of the Real Property Law and that such article is not applicable to it, and that plaintiff is entitled to judgment so declaring.

Settle judgment accordingly.